[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Scribner, has moved to disqualify Attorney Dale Faulkner from representing the defendant, AIU Insurance Co., et al, claiming he has a conflict of interest. Scribner claims that he was represented by a law firm with which Attorney Faulkner was affiliated with from 1964 to June 1, 1986.
Scribner was represented by that firm, known as Suisman, Shapiro, Wool, Brennan, Gray Faulkner in two cases. The first was a negligent action brought as a result of a motor vehicle accident on February 15, 1974. The case was settled by Attorney James Courtney of that firm on August 11, 1978. The second case was a product liability case for injuries sustained by Scribner on May 21, 1982. In that matter Attorney Eugene Swain settled the case on January 16, 1986.
Scribner claims that as a result of these two cases, Faulkner, who left Suisman in 1986 to form the firm Faulkner Boyce, obtained confidential information about him, because CT Page 7683 of Faulkner's representation; the present bad faith action is related to the prior cases; a substantial relationship exists between the two and the plaintiff will be adversely affected if Faulkner is permitted to continue representing AIU in this case.
Scribner claims that Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to a former client. The rule states that a lawyer who represents a client in a matter shall not thereafter:
 (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the former client unless the former client consents after consultation; or
 (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.
During a hearing before this court on October 15, 1996, at Norwich, the court heard evidence from Scribner and Faulkner regarding the question of whether
 1) A substantial relationship exists between Scribner and Faulkner;
2) An adverse effect on Scribner has been shown;
 3) Scribner's failure to act sooner to disqualify Faulkner is a waiver of that right.
At the hearing, Scribner testified that he went to the Suisman firm because he knew of Faulkner. He says he personally talked to Faulkner. He also stated that although Courtney handled the case, Faulkner was involved in the 1978 case. The Reply and the Pretrial List of Special Damages had the name Dale Faulkner printed as the attorney for the plaintiff.
In the 1986 case, Scribner testified he consulted with Faulkner who asked him to see Swain who handled the case. He said he discussed the case with Faulkner. Finally he said that, as a principal in the firm, Faulkner must have supervised Courtney in the 1978 case and Swain in the 1986 case. CT Page 7684
Faulkner testified that he did not represent Scribner in the two prior cases. He was never personally involved in either of the cases. He never saw or personally spoke to Scribner nor did he ever discuss the case. He explained that the fact that his name was printed on the Reply and Pretrial List of Specials does not prove that he ever saw those documents, particularly because there was no signature. he also testified that the fact that he was senior to Courtney and Swain does not require the conclusion that he supervised them. He testified that he did not supervise then.
Finally, he testified that he never discussed the Scribner cases with anybody after he left the Suisman firm. He has no recollection or knowledge about the Scribner cases that could be used against him in the instant case.
AIU then called Attorney Ralph Elliot, a recognized authority on legal ethics. He was present in the courtroom during the testimony of both Scribner and Faulkner. He also reviewed Faulkner's affidavit and brief. He stated that in his opinion Faulkner is not in violation of the Rules of Professional Conduct by representing AIU in this case. On cross examination he testified that even if Scribner's testimony is true, there is no conflict of interest.
A careful review of the testimony has persuaded the court that Scribner's testimony is not accurate regarding the question of personal contact with Faulkner, nor that he was involved in the prior cases or supervised Courtney and Swain.
The court does find the testimony of Faulkner to be true and accurate to the effect that he never personally met Scribner; he did not supervise Courtney and Swain; he had no knowledge of Scribner's cases while with the Suisman firm; and had no confidential relationship with Scribner.
The court has also considered the expert testimony of Elliot, a recognized expert on legal ethics, who testified that even if Scribner's testimony is accepted as true, there is no conflict of interest on the part of Faulkner in now representing AIU in this case.
Case law requires that the issues in the prior case must be identical or substantially similar to the instant case. The court CT Page 7685 does not find this to be true here. The cases are entirely different. State v. Jones, 180 Conn. 443, 448 (1980).
The court is convinced after hearing the evidence and reviewing the briefs that:
 1) Faulkner did not obtain and has no confidential information about Scribner deriving from his association with the Suisman firm from 1964 to 1986.
2) Faulkner did not represent Scribner.
 3) The present bad faith action in which Faulkner represents AIU is not related to the prior cases in any way that would affect Faulkner's representation;
 4) A substantial relationship does not and never did exist between Faulkner and Scribner.
 5) Scribner will not be adversely affected if Faulkner continues to represent AIU.
The court finds no merit in Scribner's claim as a basis for disqualification that he would feel uncomfortable if Faulkner defends the case. A party's subjective perception of the proceedings may not be used to prevent AIU's ability to select counsel of its own choosing. Bergeron v. Mackler,225 Conn. 391, 400 (1993). Counsel should not be disqualified unless his presence will taint the case and put the plaintiff at a disadvantage. Chapman v. Norfolk Dedham Mutual FireIns., Co., 1992 WL 394490 (Conn.Super., Teller, J. 1993).
For all of the foregoing reasons the court hereby denies the plaintiff's Motion to Disqualify. In view of this finding, the court does not find it necessary to rule on Faulkner's claim that Scribner's failure to raise this claim until the eve of trial acts as a waiver of his right to the relief requested.
The Motion to Disqualify is, therefore, denied.
Hurley, J. CT Page 7686